# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| OMID AMJADI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 10-2038-CM-JPO |
| DOWNING-FRYE REALTY, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Omid Amjadi, a Kansas resident, originally brought this action in the District Court of Johnson County, Kansas, against defendants Downing-Frye Realty, Inc., and Nancy Burgess, both of Florida. Defendants removed the action to this court, and have filed a Motion to Dismiss, or in the Alternative, Transfer for Forum Non-Conveniens (Doc. 12) to the United States District Court for the Middle District of Florida. For the following reasons, the court denies the motion.

**I.    Background**

According to plaintiff's complaint, defendant Downing-Frye, as broker, and defendant Burgess, as agent, marketed and sold plaintiff a condominium unit within a development known as The Residences at Coconut Point III, in Bonita Springs, Florida. The Residences at Coconut Point, III, is located near the Coconut Point Strip shopping mall. Defendants represented that no other comparable property existed in the area, but specifically failed to disclose a property known as the Rapollo, which is nearby and is directly competitive with Coconut Point. On December 17, 2005, in Jackson County, Missouri, defendants and plaintiff executed a Condominium Sale and Purchase Agreement, requiring plaintiff to make an initial deposit of $49,700 and another deposit of $49,700 within 120 days. Plaintiff subsequently rescinded the Agreement, but defendant refused to return

$67,300 of his deposit.

In this lawsuit, originally filed December 16, 2009, plaintiff asserts the following five causes of action:

- Count I – Violation of Kan. Stat. Ann. § 58-3036 or Rev. Stat. Mo. § 339.010 (alleging the transaction was void and plaintiff is entitled to the return of his money because neither defendant was licensed to sell real estate within the states of Kansas or Missouri);

- Count II – Breach of Contract (alleging defendants violated the duties of due care, good faith, and loyalty contained in the listing agreement when they failed to disclose the existence and pricing of units at competing properties);

- Count III – Breach of Fiduciary Duty (for failing to investigate or disclose information about whether and what competing properties existed in the area when specifically asked by plaintiff);

- Count IV– Fraud (for material misrepresentation in stating there were "no other condominiums in the vicinity of [the] Mall . . . no competition" and for concealing the existence of the Rapollo); and

- Count V – Violations of Kan. Stat. Ann. § 50-626(b)(2) (for deceptive acts under the Kansas Consumer Protection Act).

By way of this motion, defendant asserts that the action should be dismissed or transferred under the doctrine of forum non conveniens.

## III. Standards and Analysis

There are two threshold questions in the forum non conveniens determination: first, whether there is an adequate alternative forum in which the defendant is amenable to process, *Piper Aircraft*

*Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981), and second, whether foreign law applies, *see Rivendell Forest Prod., Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 994 (10th Cir. 1993). If the answer to either of these questions is no, the forum non conveniens doctrine is inapplicable. *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 605–06 (10th Cir. 1998). Here, although defendants assert that Florida law applies, Florida law is not foreign law. Controlling precedent is clear that forum non conveniens is not applicable if American law controls. *Rivendell Forest Prod., Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 994 (10th Cir. 1993); *Needham v. Phillips Petroleum Co. of Norway*, 719 F.2d 1481, 1483 (10th Cir. 1983). To this extent, defendants' motion to dismiss under the doctrine of forum non conveniens is denied.

Alternatively, defendants request transfer to the Middle District of Florida. Although they do so citing forum non conveniens, this court considers their motion as one for transfer pursuant to 28 U.S.C. § 1404(a). This statute superseded the common-law doctrine when transfer to another federal district court is possible, but involves a similar analysis. *See Norwood v. Kirkpatrick*, 349 U.S. 29 (1955); *Capital Currency Exchange, N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603 (2nd Cir. 1998); *Cowan v. Ford Motor Co.*, 713 F.2d 100 (5th Cir. 1983).

The federal statute governing transfer of venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The intent of § 1404(a) is to "'place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness."' *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (additional citation omitted). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id*.

at 1515 (citation omitted).

When determining whether to transfer a case, the court must consider the following factors:

Plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendant of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (citation omitted).

The court bears in mind that transfer is not appropriate if the result is merely to shift the inconvenience from one party to the other. *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998). Unless these factors weigh strongly in the defendant's favor, a plaintiff's choice of forum should rarely be disturbed. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

Additionally, this court will enforce a forum selection clause, absent a strong showing that transfer would be "'unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972) (citation omitted).

### A. Forum Selection Clause

Defendants assert that, pursuant to the forum selection clause in the Purchase Agreement, plaintiff waived his right to jurisdiction other than in Lee County, Florida, and that Florida law applies. The provision is not offered as an exhibit to the motion. And plaintiff does not specifically address the forum selection clause. The court is therefore unable to determine, at this time, whether the forum selection clause in the Purchase Agreement should control. Plaintiff alleges, *inter alia*,

-4-

that the Purchase Agreement was rescinded. Plaintiff's claims do not appear to center on the Purchase Agreement; for example, plaintiff's breach of contract claim asserts that defendants breached obligations related to the Listing Agreement. The court finds that, under these circumstances, transfer to the Middle District of Florida based solely on defendants' representations regarding the forum selection clause would be unreasonable at this time.

### B. 28 U.S.C. § 1404(a) Balancing

The court therefore engages the traditional analysis for ruling on a motion to change venue, and considers plaintiff's choice of forum; accessibility of witnesses and other sources of proof, including availability of compulsory process to insure attendance of witnesses; cost of making necessary proof; questions as to enforceability of a judgment if one is obtained; relative advantages and obstacles to fair trial; difficulties that may arise from congested dockets; possibility of existence of questions arising in area of conflict of laws; advantage of having local court determine questions of local law; and, all other considerations of practical nature that make trial easy, expeditious and economical. 28 U.S.C. § 1404; *KCJ Corp.*, 18 F. Supp. 2d at 1214 (D. Kan. 1998).

These factors do not weigh in favor of disturbing plaintiff's forum of choice—the District of Kansas. Plaintiff is a resident of Kansas; defendants engaged in commerce in Kansas by sending employees or agents to Kansas to make presentations regarding real estate investments, and soliciting business in Kansas; contacting potential customers in Kansas; making representations to such potential customers in Kansas; and engaging in discussions, negotiations, and business transactions in Kansas.

Defendants assert that the convenience and availability of sources of proof and witnesses, costs of obtaining witnesses, and choice of law weigh in favor of transfer. First, it appears that the resolution of at least two of the five counts require interpretation of Kansas law. And although it

appears that plaintiff is the only witness located in Kansas, the primary sources of proof in this case are documentary—such as marketing materials, agreements, and other documents—and are easily transferrable at little cost. Aside from conclusive statements, defendants have failed to establish that the potential costs and inconvenience of litigating this matter in Kansas significantly outweigh the potential costs and inconvenience of litigating this matter in Florida. A transfer in this case would simply increase plaintiff's burden in litigating this matter.

The court is mindful that transfer is not appropriate if the result is merely to shift the inconvenience from one party to the other. *KCJ Corp.*, 18 F. Supp. 2d at 1214 (D. Kan. 1998). Defendants have failed to meet their burden to establish that the factors weigh strongly in their favor, and the court concludes that, on present showing, the existing forum is not inconvenient. *Chrysler Credit Corp.*, 928 F.2d at 1515.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss, or in the Alternative, Transfer for Forum Non-Conveniens (Doc. 12) is denied.

Dated this 27th day of May 2010, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**